HARDY, Judge.
This is an action by the three named plaintiffs for a declaratory judgment affecting title to an undivided interest in a tract of land in Bossier Parish. From a judgment in favor of plaintiffs, the defendant has appealed.
Plaintiffs are Ester Odoms, the sole child and heir at law of Martha Chatman Od-oms; Clara V. Love and Johnny Lee Morgan, the sole children and heirs at law of one Lonnie Reed, a pre-deceased child of Martha Chatman Odoms. Petitioners allege that their claim to an undivided one-ninth of an undivided one-eleventh interest in the property described derives from judgment in the Succession of John Chat-man, No. 2131 on the Probate Docket of the Twenty-Sixth Judicial District Court in .and for Bossier Parish, Louisiana, dated September 13, 1957. The said judgment recognized the plaintiffs as heirs and put them in possession in the following proportions :
To Ester Odoms an undivided one-eighteenth of an undivided one-eleventh interest;
To Clara V. Love and Johnny Lee Morgan an undivided one-thirty-sixth interest each in and to an undivided one-eleventh interest.
Defendant claims title to an undivided fractional interest under a mineral deed ■executed by Martha Chatman Odoms under date of March 14, 1934, by which Martha Chatman Odoms conveyed an undivided one-half of her undivided interest in the property described. Under date of August 16, 1935, a correction mineral deed was executed by Martha Chatman Odoms, by which she conveyed to the defendant, A. C. Skannal, Jr., “ * * * one-half of her inherited interest in and to the minerals on the above described property.”
The argument of counsel for defendant-appellant, as evidenced by brief filed in this court, is predicated upon contentions which involve questions as to the presumption of death of John Chatman and issues relating to the right of inheritance of John Chatman in the absence of a showing that he survived the death of one of his parents from whom his inheritance derived. This contention of learned counsel for appellant, and the answering arguments of equally learned counsel for appellee, are completely and entirely outside of the record.
The only evidence contained in the record before this court are the mineral deeds of Martha Chatman Odoms dated in the years 1934 and 1935, more particularly described above, and the judgment in the Succession of John Chatman in which these plaintiffs were put in possession of their respective undivided interests as heirs of the said decedent. The judgment referred to contains the following specific recital:
" * * * that there be judgment herein in favor of plaintiffs, * * * decreeing that John Chatman, son of Scott Chatman and Caroline Chatman, *248 born in or about tye year 1871, to be legally dead.”
The legal questions which are raised and discussed by counsel are entirely dependent upon questions of fact, as to which there is no showing, pro or con, in the record.
On the basis of the record made up and tendered by this appeal, it is obvious that Martha Chatman Odoms had not inherited any interest in the estate of John Chatman at the time of the execution of the mineral deeds in favor of this defendant. The judgment in the Succession of John Chat-man was rendered some twenty-two years or more after the sale of minerals by Martha Chatman Odoms. As a matter of fact, Martha Chatman Odoms was never recognized nor placed in possession of any interest in the Estate of John Chatman.
It being axiomatic that one cannot sell that which he does not own, we fail to see any basis for defendant’s opposition to the judgment sought in this case.
There is absolutely no support in the record for the conclusion that Martha Chatman Odoms sold, or intended to sell, and that this defendant bought, or intended to buy, through the conveyance of the said vendor’s “inherited interest” in the year 1935, any interest in the estate of one who was declared legally dead in judicial proceedings instituted some twenty-two years later.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost, and it is now particularly Ordered, Adjudged and Decreed that there be judgment herein in favor of plaintiffs, Ester Odoms, Clara V. Love, and Johnny Lee Morgan, and against the defendant, A. C. Skannal, Jr., rendering a declaratory judgment decreeing that Martha Chatman Odoms, the mother of Ester Odoms, and the grandmother of Clara V. Love and Johnny Lee Morgan, did not transfer unto the defendant herein, A. C. Skannal, Jr. in that certain mineral deed executed by Martha C. Odoms, et al. to A. C. Skannal, Jr., recorded in Conveyance Book 115 at page 41, records of Bossier Parish, Louisiana, and in that correction deed from Martha Chatman Odoms, et al. to A. C. Skannal, Jr. recorded in Conveyance Book 119 at page 38, records of Bossier Parish, Louisiana, any interest received or to be received by the said Martha Chatman Odoms by or through John Chatman, whose succession was opened in this Honorable Court under probate docket number 2131 entitled Succession of John Chatman, in and to the minerals in, on or under the following described property:
Southeast Quarter of Northwest Quarter (SE14 of NWJ4) and the Northeast Quarter of Southwest Quarter (NE(4 of SW14) Section Eighteen (18), Township Seventeen (17) North, Range Eleven (11) West, Bossier Parish, Louisiana.